Patsy Sue Potirus, Formerly Known as Patsy Sue Graham, Appellee, v. American National Insurance Company of Galveston, Texas, Appellant.

Gen. No. 45,393.

Opinion filed October 24, 1951. Released for publication November 21, 1951.

THEODORE P. NEBEL, of Chicago, for appellant.

ARTHUR S. BLUESTEIN, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from a judgment for $500 entered in favor of plaintiff, the named beneficiary, in a life insurance policy issued by defendant to plaintiff's grandmother.

November 16, 1942, defendant, a Texas corporation, issued a life insurance policy to Cleo Deere Graham, a resident of Kansas City, Missouri. The policy contained a "facility of payment" clause which reads: "Rights of the Insured and Beneficiary. The Company

shall make the payment due hereon by reason of the Insured's death to the beneficiary last named herein if living and legally qualified to release the Company. Otherwise the payment may be made to the Insured's estate, blood-relative or marriage-connection, or to any other person, if equitably due to such person by having incurred expense for the Insured's upkeep, sickness or burial.''

██ July 12, 1948 Cleo Deere Graham, the insured, died. July 28, 1948, plaintiff filed a Proof of Loss, and on September 14, 1948 she filed an ''Affidavit of Minor Claimant,'' appointing C. T. Graham, husband of the insured, as trustee, in order to comply with the ''facility of payment'' clause in the policy. Afterwards, on September 16, 1948, defendant issued a check payable to ''Patsy Sue Graham (Bfcy.) C. T. Graham, father, Trustee for Patsy Sue Graham, minor, (Bfcy.)'' for the sum of $500.50. This check bears the endorsements of Patsy Sue Graham and C. T. Graham as trustee for Patsy Sue Graham, minor. Although the policy describes the plaintiff as the daughter of the insured, she is in fact the granddaughter, and C. T. Graham, who is described in the ''Affidavit of Minor Claimant'' and in the check issued by defendant as ''father'' of plaintiff, is her stepgrandfather. The parties stipulated that plaintiff, who was 19 years of age at the time of death of the insured, was a minor according to the laws of the State of Missouri, and that the construction of the policy here in controversy is governed by the laws of that State. Being a minor when the insured died, plaintiff, under the laws of the State of Missouri, was not legally qualified to release defendant upon payment of the amount due upon the policy. See *Robison v. Floesch Construction Co.* (Mo. App.), 236 S. W. 332.

██ In the application for the policy here involved, C. T. Graham is named as Agent of the defendant com-

pany. It is uncontroverted that at the time plaintiff executed the printed form called the "Affidavit of Minor Claimant" which was furnished by defendant, Graham represented to plaintiff that it was necessary for her to sign it in order to secure the check from the defendant; that she signed the affidavit in blank; and that afterwards, out of her presence, Graham filled in the affidavit, designating himself as "father" and "trustee" of plaintiff. So far as the record shows, C. T. Graham was never legally appointed guardian or trustee of plaintiff. Under these circumstances we think the designation of C. T. Graham, plaintiff's stepgrandfather, as "father and trustee" in the "Affidavit of Minor Claimant" is invalid, and may be disregarded in determining the basic question, whether the defendant made the payment according to the terms of the policy.

Defendant argues that it made payment to C. T. Graham in good faith and having done so in the exercise of discretion conferred upon it by the terms of the policy, plaintiff is barred from recovery. In support of its position defendant relies on *Motley v. Metropolitan Life Ins. Co.* (Mo. App.), 178 S. W. (2d) 791, and other Missouri cases. In the *Motley* case the court said, at page 794: "The facility of payment clause confers on the company issuing such a policy, an option as to whom it will make payment; if it exercises its option and makes payment in good faith to a person within the class named in the clause, it is protected and is liable to no one else. . . . It has also been held that the discretion of the insurer in making payment under policies of this sort ought not to be interfered with by the courts except upon a clear showing of bad faith."

██ In the instant case the evidence fails to show that the defendant exercised its option under the "facility of payment" clause. The check was made payable to plaintiff as the named beneficiary in the

policy in question. C. T. Graham is merely designated in the check as "father and trustee" of plaintiff. According to the undisputed evidence Graham had no authority to act for plaintiff as a "father" or "trustee" and receive payment. The evidence further shows that the endorsement on the back of the check issued by defendant in payment of the policy, purporting to be plaintiff's signature, is a forgery.

It would seem that if defendant had intended to exercise its option it would have. made Graham the sole payee, since he fell within the class of persons described in the facility of payment clause, without any reference to his alleged fiduciary capacity.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

KILEY, P. J. and FEINBERG, J., concur.